IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 14-cv-00705-CBS

JAMIE WILLIAMS,
    Plaintiff,
v.

WARDEN CHARLES DANIELS, and
CAPTAIN SNIDER,
    Defendants.

---

MEMORANDUM OPINION AND ORDER

---

This civil action comes before the court on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 21), filed on August 7, 2014.  Pursuant to the Order of Reference dated August 18, 2014, the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges, and Title 28 U.S.C. § 636(c), this civil action was referred to the Magistrate Judge "for disposition."  (*See* Doc. # 25).  The court has reviewed the Motion, Mr. Williams's Response (filed August 22, 2014) (Doc. # 27), Defendants' Reply (filed September 8, 2014) (Doc. # 29), the hearing held on August 26, 2014 (*see* Courtroom Minutes/Minute Order (Doc. # 28)), the pleadings, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

Plaintiff Jamie Williams is currently incarcerated at the United States Penitentiary in Florence, Colorado.  Proceeding *pro se*, Mr. Williams alleges pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), that Defendants failed to protect him from an assault by his cellmate on January 27, 2013, in violation of his

rights under the Eighth Amendment of the U.S. Constitution. (*See* Prisoner Complaint (Doc. # 1)). Mr. Williams seeks medical care and compensatory damages. (*See id.* at 7 of 7). Defendants move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint for failure to state a claim to which relief can be granted.

II.     Standard of Review

To withstand a motion to dismiss made pursuant to Rule 12(b)(6), a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S.Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. The court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F. 3d 1210, 1215 (10th Cir. 2007) (internal quotation marks and citation omitted).

Because Mr. Williams appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Government*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (court's role is not to act as pro se litigant's advocate);

*Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

III.   Analysis

Defendants move to dismiss on the basis of qualified immunity.  Whether a defendant is entitled to qualified immunity is a legal question.  *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).  Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry: (1) whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right, and (2) whether the right at issue was clearly established at the time of the defendant's alleged misconduct.  *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted).  "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Id.*

In *Bivens,* the United States Supreme Court created a cause of action for money damages and injunctive relief against federal officials acting under color of their authority for violations of an individual's constitutional rights. 403 U.S. at 395–97.  *Bivens* only authorizes suit against federal officials in their individual capacities and not against the United States or federal agencies. *Smith v. United States*, 561 F.3d 1090, 1093 (10th Cir. 2009).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII.  "[T]he treatment a prisoner receives in prison and the conditions under

which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). Certain conditions of confinement, if they inflict pain unnecessarily and wantonly, may constitute cruel and unusual punishment under the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986), *abrogated on other grounds by Wilkins v. Gaddy*, 130 S.Ct. 1175 (2010).

"Prison officials are required to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998). "Prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (internal quotation marks and citation omitted). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. Where an Eighth Amendment claim is based upon conditions of confinement, an inmate must satisfy a two-prong test that (1) the deprivation suffered was "objectively 'sufficiently serious,'" and (2) the defendant had a "sufficiently culpable state of mind" or was "deliberately indifferent" to the inmate's health or safety. *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-303 (1991)). *See also Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005) ("[I]n a claim that officials failed to prevent harm, an inmate must show, first, she is incarcerated under conditions posing a substantial risk of serious harm, and, second, that officials had a sufficiently culpable state of mind.") (internal quotation marks and citations omitted). The objective component of an Eighth Amendment claim addresses whether Mr. Williams is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. This includes "official conduct that is sure or

very likely to cause serious injury at the hands of other inmates." *Benefield v. McDowall*, 241 F.3d 1267, 1272 (10th Cir. 2001) (internal quotation marks and citation omitted). The deliberate indifference component "in a prison-conditions case is a subjective and not an objective requirement." *Gonzales*, 403 F.3d at 1186.

Mr. Williams alleges that Defendants violated his constitutional rights when they failed to protect him against harm from his cellmate on January 27, 2013. (*See* Doc. # 1 at 3-4 of 7). He alleges that on an unspecified date Defendants made and enforced a decision to place a black metal shield over the window in his cell door to protect prison staff. (*See id.*). On January 25, 2013, Mr. Williams was assigned to cell # 122 in "BA Unit" in the SMU at USP Florence "with a[n] inmate that was crazy." (*See* Doc. # 1 at 3-4 of 7). He alleges that the shield blocked the view into and out of his cell, thus exposing him to a substantial risk of serious harm from his cellmate. (*See id.*). Mr. Williams alleges that at 4:00 a.m. on January 27, 2013, his cellmate "choked, slam[m]ed and beat" him and "nearly killed" him in his sleep and that staff could not help him due to the shield over the window. (*See* Doc. # 1 at 3-4 of 7). He alleges that he was rushed to a hospital outside the prison for treatment of his injuries. (*See id.*).

Defendants argue that Mr. Williams fails to allege sufficient facts to support his claims. The court agrees that Mr. Williams's allegations do not plausibly support his claims for violation of the Eighth Amendment. Mr. Williams does not allege any specific threat to his personal safety from the shield on his cell or from his cellmate. He makes no allegation that anyone else had been harmed by the placement of a shield in a cell. While he alleges that he told Defendants that the shield was "unprofessional" and "unsafe," Mr. Williams does not specify when he told them, either before or after the assault. (*See* Doc. # 1 at 4 of 7). He alleges that he was assigned to cell # 122 less than 48 hours before the incident. (*See* Doc. # 1 at 3 of 7).

Even if he told Defendants before the assault about his general concern that "their officers cannot see in them cells" due to the shield, such allegation does not adequately support the existence of a specific threat to his safety from the presence of the shield.

Mr. Williams alleges no facts that the Defendants were on notice of a risk of harm to him by his cellmate or that their conduct was likely to cause him injury. *See West v. Ortiz*, No. 05-cv-00441-REB-MJW, 2008 WL 544735, *10 (D. Colo. Feb. 26, 2008) (granting motion to dismiss failure to protect claim where there were "no factual averments . . . that even suggest that the named defendants had any actual knowledge, either through the grievance procedure or otherwise, of facts from which the inference could be drawn that a substantial risk of serious harm to plaintiff existed"). He makes no allegation that his cellmate had assaulted anyone else. Mr. Williams does not allege that he told either Defendant of any risk associated with being housed with other inmates in general or with any specific inmate. Being subjected to the mere possibility of assault from another inmate does not satisfy the objective component of an Eighth Amendment violation. *See, e.g., Grimsley v. MacKay*, 93 F.3d 676, 681 (10th Cir. 1996) (observing that inmate may demonstrate the existence of a substantial risk of serious harm "where prison officials disregard repeated warnings of danger to a particular prisoner and continually refuse to make the situation safer, for example by . . . separating the prisoner from other inmates who previously have attacked him on multiple occasions"); *Harris v. Matthews*, No. 10–1405, 2011 WL 1108799, at *3 (10th Cir. 2011) ("an idle threat of impending physical harm that is not carried out will not suffice to state an Eighth Amendment claim.") (internal quotation marks and citation omitted); *Szymanski v. Benton*, 289 F. App'x 315, 318-20 (10th Cir. 2008) (affirming summary judgment in favor of defendants on failure to protect claim where there was no evidence that defendants were aware of alleged threats that inmate made to

plaintiff); *Thomas v. Colorado*, No. 12-cv-03078, 2014 WL 656838, *5 (D. Colo. Feb. 20, 2014) (allegation that prison transfer violated the Eighth Amendment because inmate "has a hit put out on him by all the gangs in the state of Colorado" failed to state a substantial risk of serious harm because it did not demonstrate the existence of a credible threat) (internal quotation marks and citation omitted); *Mosquera v. Delgado*, No. 4:09CV1402, 2010 WL 2010973, *4 (N.D. Ohio April 30, 2010) (complaint failed to satisfy objective prong of failure to protect claim where inmate did not allege that he notified defendant prison officials of a specific threat from three inmates who assaulted him, even where he alleged "that he repeatedly told Defendants that he feared for his personal health and safety due to serious threats and conflict he was having with" inmates who assaulted him) (internal quotation marks omitted); *Lane v. Klingler*, No. 01-6144, 25 F. App'x 781, 783 (10th Cir. Dec. 12, 2001) (affirming dismissal of failure to protect claim where inmate did not allege that he knew his assailant before the attack, that he had previously been threatened by him, or that the defendant prison officials knew there was a substantial risk of serious harm to the inmate).  Because Mr. Williams has not alleged an objective, substantial risk of serious harm, he does not state a valid Eighth Amendment claim.

Mr. Williams also fails to allege sufficient facts to support the subjective component of his Eighth Amendment claim, that Defendants were deliberately indifferent to a substantial risk of serious harm to him.  "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measure to abate it." *Farmer*, 511 U.S. at 847.  *See also Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997); *Berry v. City of Muskogee, Oklahoma*, 900 F.2d 1489, 1496 (10th Cir. 1990).  The subjective standard requires "that the official actually be 'aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir.2008) (quoting *Farmer*, 511 U.S. at 837). "An official's failure to alleviate a significant risk of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not an infliction of punishment and therefore not a constitutional violation." *Id.* (citation omitted). Liability can only be based on actual knowledge of a substantial risk of serious harm, not on an "official's failure to alleviate a significant risk that he should have perceived but did not...." *Farmer*, 511 U.S. at 838. *See also Verdecia v. Adams*, 327 F.3d 1171, 1176 (10th Cir. 2003) (A showing of simple, or even heightened, negligence does not establish that Defendants were subjectively aware of the risk.).

The allegations in the Complaint fail to support an inference that Defendants subjectively knew of a risk to Mr. Williams from the shield or from his cellmate or consciously disregarded such risk. Mr. Williams has not sufficiently alleged that either Defendant had direct and actual knowledge of a substantial risk that he would be assaulted in his cell. He alleges that "[t]he Warden is over all run the prison, but power is in the Captain hand at every federal prison [sic]." Defendants may not be held liable under a theory of respondeat superior. *Dodds v. Richardson*, 614 F.3d 1185, 1197-98 (10th Cir. 2010). "[I]t is not plausible to infer that a warden is aware of everything that happens to each inmate in his custody" and Mr. Williams's allegations are not sufficient to support a finding that Defendant Daniels had specific knowledge of and disregarded an excessive risk to his safety. *See Vega v. Davis*, No. 13-1268, 572 F. App'x 611, 618 (10th Cir. July 22, 2014) (finding that plaintiff failed to allege deliberate indifference where prison warden had no specific knowledge of mental health condition of inmate who committed suicide). Mr. Williams alleges that Defendant Snider "told me before he transferred from USP Florence, CO. that it gone [sic] happen anyway." (*See* Doc. # 1 at 5 of 7).

He does not indicate when this statement was made, what "it" refers to, or why "it" would "happen anyway."[1] Mr. Williams's allegations lack the specificity required to support an inference that Defendants were aware of a specific substantial risk of harm to him from his cellmate or as a result of the placement of the shield over the cell window and consciously disregarded such risk. Absent factual allegations that Defendants were subjectively aware of and consciously disregarded the risk to him, Mr. Williams's claims do not support the element of deliberate indifference and are not cognizable under the Eighth Amendment.

As the court concludes that Mr. Williams fails to allege or demonstrate any constitutional violation, Defendants are entitled to qualified immunity. The court need not reach the "clearly established" prong of qualified immunity to conclude that Mr. Williams's claims fail. *See Wilder*, 490 F .3d at 815 (instructing district court on remand to enter judgment in favor of defendant on basis of qualified immunity, where plaintiff failed to carry his burden to show violation of a constitutional right).

Accordingly, IT IS ORDERED that Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 21) (filed on May 21, 2012) is GRANTED and the Complaint is dismissed without prejudice for failure to state a claim to which relief can be granted, based upon qualified immunity.

---

[1] To the extent that this statement might be construed as a threat, "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create terror of instant and unexpected death." *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (internal quotation marks and citation omitted).

DATED at Denver, Colorado, this 14th day of October, 2014.

                                         BY THE COURT:

                                         s/Craig B. Shaffer
                                         United States Magistrate Judge